Case No. 14-8091

--------------------

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

--------------------

FEDERAL TRADE COMMISSION,
Plaintiff-Appellee,

v.

WYNDHAM WORLDWIDE CORPORATION, et al.,
Defendants-Appellants.

--------------------

Appeal from United States District Court for the District of New Jersey
Case 2:13-cv-01887-ES-JAD, Hon. Esther Salas, D.J.

--------------------

PLAINTIFF-APPELLEE FEDERAL TRADE COMMISSION'S
ANSWER TO DEFENDANT-PETITIONER'S
PETITION FOR LEAVE TO APPEAL

Pursuant to Fed. R. App. P. 5(b)(2), the Federal Trade Commission answers the Petition for Leave to Appeal filed by Wyndham Hotels & Resorts, LLC ("Wyndham") on July 3, 2014. Wyndham seeks the Court's permission to take an immediate appeal from the district court's April 7, 2014 interlocutory order (DDE #182) denying Wyndham's motion to dismiss. *See also* Opinion (DDE #181) ("Op."). On June 23, 2014, the district court granted Wyndham's motion to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See* Memorandum Opinion and Order (DDE #203) ("Certif. Order").

The Commission does not oppose Wyndham's petition, although it disagrees that the petition satisfies all of the prerequisites for an interlocutory appeal set forth

in 28 U.S.C. § 1292(b).  In particular, the Commission believes that there is no

"substantial ground for difference of opinion" on the merits of the underlying

district court order, which comports with the plain text of the FTC Act and follows

longstanding judicial precedent.  Moreover, interlocutory review is unlikely to

"materially advance the ultimate termination of th[is] litigation."  On the other

hand, Wyndham is not seeking a stay of the district court proceedings pending any

interlocutory appeal.  In addition, the legal issues presented are "controlling

question[s] of law," and they are undoubtedly important.  The Commission, other

litigants, and consumers would thus all benefit from this Court's prompt review.

<u>Background</u>

On August 9, 2012, the FTC filed a civil law enforcement complaint against

Wyndham under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), alleging

violations of Section 5(a) of the Act, which prohibits "[1] unfair or [2] deceptive

acts or practices in or affecting commerce," 15 U.S.C. § 45(a)(2). The complaint

alleged that Wyndham engaged in both "unfair" and "deceptive" practices, and set

forth a separate cause of action for each legal theory.  Only the "unfairness" cause

of action is at issue in this proposed interlocutory appeal.[1]

As to that cause of action, the complaint alleged that Wyndham

implemented unreasonable data security measures on its corporate computer

---

[1] The Complaint also included charges against other defendants – *i.e.*, Wyndham's
parent and affiliate corporations.

2

networks and thus "unreasonably and unnecessarily exposed consumers' personal data to unauthorized access and theft." First Amd. Complt. (DDE #28), ¶ 24. In particular, Wyndham's failure to take proper security measures enabled hackers to obtain payment card account numbers and security codes and to make fraudulent charges on consumers' accounts. *Id.*, ¶¶ 25-40. And Wyndham's inadequate data-security practices thus caused "substantial injury to consumers" that consumers could not avoid and that had no countervailing benefits. *Id.*, ¶ 48 (citing 15 U.S.C. § 45(n)).

Wyndham filed a motion to dismiss, which the district court denied. First, the court rejected Wyndham's challenge to the Commission's statutory power to bring this enforcement action, finding no legal support for Wyndham's demand to "carve out a data-security exception to the FTC's unfairness authority." Op. at 10-15. The district court also rejected Wyndham's contention that the FTC cannot file an unfairness claim in federal district court unless it first issues formal rules and regulations. *Id.* at 18-25.[2]

Wyndham asked the district court to certify that interlocutory order for immediate appeal to this Court, pursuant to 28 U.S.C. § 1292(b). *See* DDE #188-1

---

[2] The district court also concluded that both the "unfairness" and "deception" causes of action in the complaint satisfied Fed. R. Civ. P. 8(a) pleading requirements. *Id.* at 26-33, 35-42. The court subsequently denied the other defendants' motion to dismiss in a separate opinion (DDE #201) issued on June 23, 2014. Those rulings are not at issue in this petition.

3

(filed April 17, 2014).  The district court granted the motion and certified the

following questions for interlocutory review:

> (1)    Whether the [FTC] can bring an unfairness claim involving data
>         security under Section 5 of the [FTC] Act, 15 U.S.C. § 45(a); and
>
> (2)    Whether the [FTC] must formally promulgate regulations before
>         bringing its unfairness claim under Section 5 of the [FTC] Act,
>         15 U.S.C. § 45(a).

Certif. Order at 9-10.

<u>Analysis</u>

The two issues presented are "controlling questions of law" for purposes of

Section 1292(b) in the sense that, if they were resolved against the Commission,

they would dispose of the "unfairness" counts in the complaint.  Nonetheless, the

Commission takes issue with Wyndham's claim that there is any "substantial

ground for difference of opinion" on those questions, and it is also at best unclear

whether interlocutory review would "materially advance the ultimate termination

of the litigation."  Nonetheless, the Commission agrees that the issues presented

are important and would welcome this Court's prompt disposition of them.

1.  The district court's decision was correct for the reasons that the court

explained in detail.

*First*, the Commission plainly has statutory authority to proceed under

Section 5's "unfairness" prong against companies that harm consumers by

exposing them to unreasonably lax data-security practices, as Wyndham allegedly

did.  It is irrelevant that, when enacting the relevant statutory provisions in the

previous century, Congress did not specifically anticipate such practices and direct

the Commission to take action against them.  Congress intentionally enacted the

broadly worded prohibition on all "unfair" commercial practices because it

understood that it could not possibly specify all such practices in the statutory text

and continuously update the list with every change in technology and commerce.

*See* Op. at 15 (citing, *inter alia*, *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233,

240 (1972)); *see also* H.R. Rep. No. 63-1142, at 19 (1914) (Conf. Rep.) ("It is

impossible to frame definitions which embrace all unfair practices.").

Instead, Congress left the identification of unfair practices to case-by-case

adjudication, and it constrained the FTC's discretion with a mandatory cost-benefit

analysis.  In particular, Congress provided that the Commission may not proceed

against an "act or practice" as "unfair" under Section 5 unless it "causes or is likely

to cause substantial injury to consumers which is not reasonably avoidable by

consumers themselves and not outweighed by countervailing benefits to consumers

or to competition."  15 U.S.C. § 45(n).  Wyndham's unreasonable data-security

activities, as alleged in the complaint, fall squarely within this definition.  At

bottom, Wyndham's position is an ill-conceived "request to carve out a data-

security exception" to Section 5, and the district court followed "binding and

persuasive precedent" in rejecting that request.  Op. at 7, 15.

5

In its petition, Wyndham renews various arguments it has made on this statutory authority issue.  For example, it incorrectly argues (Pet. at 10) that certain other statutory provisions would be "superfluous" unless Section 5 is subject to its proposed data-security carve-out.  Similarly, Wyndham wrongly asserts (Pet. at 10 n.4) that "the FTC has previously *denied* that it has generalized data-security authority under Section 5."  Those arguments are all without merit for the reasons explained in the district court's opinion (Op. at 10-14) and in the Commission's briefs below.[3]

*Second*, there is also no "substantial ground for difference of opinion" as to whether the FTC may, consistent with "basic principles of fair notice and due process," enforce statutory prohibitions without first promulgating "rules, regulations, or other guidelines explaining" precisely which practices are unreasonable as technology and data-security threats evolve.  Op. at 15-16 (quoting Wyndham Br. in Support of Mo. to Dismiss (DDE #91-1, filed April 26, 2013)).

---

[3] In a detailed administrative order in a separate case, the Commission itself, sitting as an adjudicative tribunal, has also addressed the scope of its Section 5 authority and has concluded, like the district court here, that the FTC Act authorizes it to address unreasonable and harmful data-security practices.  *See LabMD, Inc.*, Order Denying Mo. to Dismiss, Dkt. No. 9357 (Jan. 16, 2014) ("*LabMD Order*"), http://www.ftc.gov/sites/default/files/documents/cases/140117labmdorder.pdf. The FTC's considered interpretation of its own organic statute in the *LabMD* matter is entitled to substantial deference and would resolve any lingering statutory ambiguities.  *See City of Arlington v. FCC*, 133 S. Ct. 1863, 1868 (2013).

Where, as here, a statute gives an agency an option to proceed through either prescriptive regulation or individual adjudication, "the choice is one that lies in the informed discretion of the administrative agency." *Id.* at 18 (quoting *PBW Stock Exch., Inc. v. SEC*, 485 F.2d 718, 732 (3d Cir. 1973), and citing *SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947), and other cases). Like the district court here, courts have repeatedly applied that principle to the FTC and found that various commercial practices were "unfair" under the Section 45(n) standard, even though no regulation specifically addressed them. *See, e.g., FTC v. Neovi, Inc.*, 604 F.3d 1150 (9th Cir. 2010); *FTC v. Accusearch, Inc.*, 570 F.3d 1187 (10th Cir. 2009). Similarly, this Court has made clear that objective administrative standards, such as the "reasonably prudent person test" applied in OSHA cases, comport with constitutional requirements of fair notice. *See* Op. at 24 (citing *Voegele Co. v. Occupational Safety & Health Review Comm'n*, 625 F.2d 1075, 1077-78 (3d Cir. 1980)). That body of precedent is particularly compelling here, given the considerable industry guidance that is available in "the FTC's many public complaints and consent agreements," in "its public statements and business guidance brochure," and in a wealth of private-sector materials reflecting "'industry standard practices' and 'commercially reasonable efforts.'" Op. at 24.

Wyndham's fair-notice argument is even more "untenable when viewed against the backdrop of the common law of negligence. Every day, courts and

juries subject companies to tort liability for violating uncodified standards of care," and when they "find that corporate defendants have violated an unwritten rule of conduct, they can normally impose compensatory and even punitive damages." *LabMD Order* at 17.  Against that backdrop, "[t]here is simply no basis to conclude that the FTC's application of the Section [45](n) cost-benefit analysis violates due process," particularly given that the complaint is not seeking the type of damages a jury might award, but only equitable relief (including any monetary relief within the court's equitable jurisdiction).  *Id.*  As the district court observed, Wyndham has tellingly offered no plausible response to that point.  *See* Op. at 22.

2.  It also appears unlikely that, as separately required by section 1292(b), interlocutory review will "materially advance the ultimate termination of the litigation" before the district court.  Wyndham acknowledges that a trial will still be needed on the surviving "deception" cause of action even if it were to prevail on appeal and thereby obtain dismissal of the "unfairness" cause of action.  Certif. Order at 7; Wyndham Mo. to Certify (DDE #188-1) at 10.  Both causes of action turn largely on questions about whether, as Wyndham told consumers, the company's data-security practices were commercially reasonable.  *See* Op. at 29-30 (unfairness); *id.* at 37-38 (deception).  Dismissal of the "unfairness" claim would not remove the need to address that same issue for purposes of the "deception" claim.  Nor would dismissal of the "unfairness" cause of action

eliminate any parties from the case.  The district court rejected the Wyndham's corporate affiliates' motion to dismiss, finding that the complaint adequately alleged that they operated as a "common enterprise" with Wyndham.  *See* Opinion (DDE #201) (issued June 23, 2014).  If the Commission proves those allegations, these entities would be liable to the same extent as Wyndham on the surviving "deception" count.

3.  All this said, a prompt decision by this Court affirming the district court would advance the public interest by removing the uncertainty that Wyndham is attempting to generate regarding the Commission's statutory authority to protect consumers from unreasonable and harmful data-security lapses.  For that reason, and because Wyndham does not seek a stay of the district court proceedings pending any interlocutory appeal, the Commission does not oppose the petition.

Respectfully submitted,

 /s/  David L. Sieradzki
JONATHAN E. NUECHTERLEIN
General Counsel

Of counsel:

JOEL MARCUS
Assistant General Counsel

KRISTIN KRAUSE COHEN
KEVIN H. MORIARTY
JAMES A. TRILLING
Bureau of Consumer Protection
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, D.C. 20580

DAVID L. SIERADZKI
Attorney, Office of General Counsel

FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, D.C. 20580
(202) 326-2092

July 14, 2014

9

<u>Certificate of Service</u>

I certify that, on July 14, 2014, I filed the foregoing document via the Court's Electronic Case Filing (ECF) system, and that the document was served on all parties' counsel of record through the ECF system.

<u>/s/ David L. Sieradzki</u>